IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RASHAD FRIDAY, MBA, MS,  *
                         *
Plaintiff,               *
                         *
v                        *   Civil Action No.  PWG-13-562
                         *
U.S. DEPARTMENT OF EDUCATION *
FEDERAL OFFSET UNIT      *
                         *
Defendant.               *

**MEMORANDUM**

Self-represented plaintiff Rashad Friday states he is experiencing hardship and requests "discharge" from his student loan debt ($168,000) and other costs ($50,000), in addition to the "reversal" of orders of garnishment issued against his state and federal tax returns. (ECF No. 1) He also has filed a Motion to Proceed in Forma Pauperis. (ECF No. 2).

Review of the Motion to Proceed in Forma Pauperis demonstrates that plaintiff is employed by the City of Alexandra, Virginia and earns $4,400 each month.  He owns an automobile and supports his fiancé and two minor children.  However, he indicates that his monthly living expenses substantially exceed his income and he has little savings.  The court will deny his motion to proceed in forma pauperis, and for reasons to follow, will dismiss the complaint.

A court is not obliged to ferret through a complaint, searching for viable claims. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g., United States ex rel. Garst v. Lockheed-Martin Corporation*, 328 F.3d 374, 378 (7th Cir. 2003) and whether the complaint is clear enough to enable the defendant to know how to defend himself, *see, e.g.,*

*Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000). A pleading must give the court and the defendant "fair notice of what that plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The instant complaint fails to approach compliance with any of the factors noted.

In this complaint, plaintiff fails to identify any federal law or constitutional provision defendant has allegedly violated so as to entitle him to relief. The civil cover sheet submitted with his complaint has a check mark next to "Recovery of Defaulted Student Loan" box under "Nature of Suit." Plaintiff does not dispute, however, the propriety of his student loan or debt, but rather cites hardship in its repayment and objects to unspecified "predatory tactics" used in collection. In sum, there is no discernible claim asserted in the pleading.

Plaintiff may refer to the Department of Education's website for additional information on obtaining relief from his student loan debt at http://studentaid.ed.gov/repay-loans/forgiveness-cancellation. The Federal Student Aid Ombudsman Group may also be able to help resolve his concerns. The Ombudsman Group can be contacted at the Department of Education, FSA Ombudsman Group, 830 First Street, N.E., Fourth Floor, Washington, D.C. 20202-5144. The telephone number is 1-877-557-2575. To the extent plaintiff may be seeking a "discharge" in bankruptcy under Chapter 7 or Chapter 13, his claims must be filed in U.S. Bankruptcy Court. This court expresses no opinion as to the merits of his claims. A separate order consistent with this memorandum follows.

_____  
Date

_____ 3/29/13  
Paul G. Grimm  
United States District Judge